UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARRY EDWIN MILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 12-0257 (RJL) |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF JUSTICE *et al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION
April 27, 2012

Plaintiff is a prisoner at the Federal Correctional Institution Victorville in Adelanto, California, proceeding *pro se*. Plaintiff filed this "Class Action Lawsuit" on February 12, 2012. Since then, the Clerk has docketed numerous *pro se* motions from other inmates to join in this action, and on April 18, 2012, plaintiff filed a motion to certify a class and to appoint counsel for class members. The United States was served with process on March 15, 2012, and has until May 16, 2012, to respond to the complaint. Pursuant to 28 U.S.C. § 1915A, however, the Court is required to screen a prisoner's complaint against a governmental entity or official as soon as practicable and to dismiss it upon a determination that the complaint, among other enumerated grounds, fails to state a claim upon which relief can be granted. Having conducted the required screening of the instant complaint, the Court will deny all of the pending motions and dismiss the case.

The Purported Class Action

Rule 23 of the Federal Rules of Civil Procedure authorizes one or more members of a class to sue on behalf of all members provided that, *inter alia*, the "questions of law or fact [are] common to the class; the claims or defenses of the representative parties are typical of the claims or defenses of the class; and the representative party will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(2)-(4). *Pro se* plaintiffs may not represent other *pro se* plaintiffs in federal court, however. *See* 28 U.S.C. § 1654; *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.") (citation omitted); *Debrew v. Atwood*, No. 10-0650 (JDB), — F. Supp. 2d —, 2012 WL 898786, at *8 (D.D.C. Mar. 19, 2012) (federal prisoner proceeding *pro se* "is not qualified to appear on behalf of another person") (citing *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984)); *see also Maldonado v. Terhune*, 28 F. Supp. 2d 284, 288 (D.N.J. 1998) (quoting *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992), *aff'd*, 995 F.2d 216 (3d Cir. 1993)) ("Courts have consistently held that a prisoner acting *pro se* is inadequate to represent the interests of his fellow inmates in a class action.") (internal quotation marks omitted).

Apparently knowing that he cannot represent the class, plaintiff moves for an appointment of counsel. Because plaintiff is not proceeding *in forma pauperis*, he does not qualify for the appointment of counsel from the Court's Civil Pro Bono Panel. *See* Local Civil Rule 83.11(b)(3). Even if plaintiff qualified, the motion would be denied because the circumstances surrounding plaintiff's claim are unique to him and, as discussed next, the claim is not properly before this Court.

Plaintiff's Individual Claim

Plaintiff "is serving a 360-month prison sentence upon his conviction in the United States District Court for the Central District of Illinois." *Miles v. Holder*, No. 12-0218, Mem. Op. at 1 (D.D.C. Feb. 9, 2012). He introduces the instant complaint as "a lawsuit challenging the jurisdiction of the federal government for the unconstitutional enactment" presumably of the criminal statute under which he was convicted. Compl. at 1; *see id.* at 3 (identifying potential class members as "[t]hose currently pretrial or threatened with trial; those currently imprisoned after trial or plea; and those having been convicted and are now out of federal custody"). Plaintiff states that "[p]laintiffs were charged without a valid statute, and each court knew or should have known that the charge and/or conviction was unconstitutional. The agencies of the government listed in the lawsuit as defendants knew or should have known that their acts are illegal, because the statute the agencies used is unconstitutional." *Id.* at 5 (citing 18 U.S.C. § 4001(a)).

It is settled that claims challenging a federal conviction or sentence must be presented to the sentencing court by motion filed pursuant to 28 U.S.C. § 2255, which states:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Moreover,

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears

3

that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see Taylor v. U.S. Bd. of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion to vacate under 28 U.S.C. § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted); *Ojo v. I.N.S.,* 106 F.3d 680, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing); *Miles,* No. 12-0218, Mem. Op. at 2 (stating same in denying mandamus relief).

The fact that plaintiff was unsuccessful in collateral proceedings, *see* Compl. at 4-5, does not render those proceedings inadequate or ineffective.[1] *See Garris v. Lindsay,* 794 F.2d 722, 727 & n.39 (D.C. Cir. 1986) (citing Third, Fifth and Ninth circuit cases); *Charles v. Chandler,* 180 F.3d 753, 756-58 (6th Cir. 1999) (examining cases).

## CONCLUSION

For the foregoing reasons, the Court finds that plaintiff has failed to state a claim upon which relief can be granted and, therefore, will dismiss the complaint under the screening provisions of 28 U.S.C. § 1915A.

---

[1] Plaintiff states that he "has exhausted all administrative and court remedies [in the Ninth Circuit and the U.S. Supreme Court] and is entitled to lead this class action." Compl. at 5. But this Court lacks jurisdiction to review the decisions of other courts and particularly those of a higher court. *See Panko v. Rodak,* 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied,* 444 U.S. 1081 (1980) ("It seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action.").

In addition, the Court finds that plaintiff's claims are unique to him and, therefore, will deny all of the pending motions for joinder and plaintiff's motion for class certification and the appointment of class counsel. A separate, final order accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge